Carol Lynn Finklehoffe, CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINNE KOPATZ,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit,<br><br>Defendant. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CORRINE KOPATZ, brings this action individually. This action is brought against Defendant, PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by the Plaintiff CORRINE KOPATZ and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence pursuant to the General Maritime Law.

1

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

### Jurisdiction

1.    This action is an action under general maritime law and the laws of California, as applicable.

2.    The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.    This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.    Defendant PRINCESS, at all times material hereto, personally or through an agent:

      a.    Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

      b.    Was engaged in substantial activity within this state;

      c.    Operated vessels in the waters of this state;

      d.    Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

      e.    The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county; and

      f.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## The Parties

5.     Plaintiff, CORINNE KOPATZ, was and is a resident of California.

6.     At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

7.     At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world, including Los Angeles, California and Fort Lauderdale, Florida.

8.     At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California and San Franscisco, California.

9.     At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Crown Princess* ("the subject vessel").

10.     At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard the subject vessel.

## General Allegations Common to All Counts

11.     At all times material, the Plaintiff was a fare paying passenger and lawfully aboard the vessel *Crown Princess*.

12.     At all times material, the vessel *Crown Princess* was in navigable waters.

13.     At all times material Defendant PRINCESS marketed, advertised, and represented to the general public, including the Plaintiff, that "Princess Access Makes Cruise Vacations Accessible for Passengers with Disabilities" and it has an "award-winning program [which] address special needs at sea."

14.     The Plaintiff, who has mobility issues, requires the use of a walker and/or wheelchair.

3

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

15.    The Plaintiff has previously cruised with Defendant PRINCESS and has Platinum member status.  On each of her prior cruises, the Plaintiff requested and was assigned to a wheelchair accessible stateroom.  Defendant PRINCESS knew or should have known of Plaintiff's mobility issues and need for wheelchair assessable stateroom which is linked to her Platinum member status.

16.    On or about June 25, 2023, Plaintiff contacted Defendant PRINCESS with regards to booking a 10-day Mexican cruise aboard the *Crown Princess* and provided Defendant PRINCESS with her Platinum member status number.  The Plaintiff specifically advised Defendant PRINCESS of her mobility issues and need for a wheelchair assessable stateroom.  Defendant PRINCESS advised and assured the Plaintiff that she would be booked into a wheelchair assessable stateroom.  In the event a wheelchair assessable stateroom was not available, the Plaintiff was advised and assured that Defendant PRINCESS would make her assigned stateroom assessable by providing handrails/grab bars, a shower bench, and other safety measures.  Trusting and relying on these representations and assurances, the Plaintiff proceeded to book her cruise aboard the vessel *Crown Princess*.

17.    Prior to boarding the vessel *Crown Princess,*  multiple phone calls were made to Defendant PRINCESS to confirm that the Plaintiff has was assigned a wheelchair assessable stateroom.  Each time Defendant PRINCESS represented and assured the Plaintiff that she had been assigned to a wheelchair assessable stateroom.  Trusting and relying on these representations and assurances, the Plaintiff boarded the vessel *Crown Princess* on or about December 12, 2023.

18.    Upon boarding the vessel, the Plaintiff discovered that, contrary to the prior representations and reassurances that were made by Defendant PRINCESS, she was not assigned to a wheelchair assessable stateroom.  Instead the assigned to a standard balcony stateroom which did not allow her to use her  wheelchair or walker in her stateroom.  Defendant PRINCESS had placed a shower bench in the restroom

4

**LIPCON, MARGULIES, & WINKLEMAN P.A.**
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

in the Plaintiff's stateroom.

19.    Plaintiff spoke with Defendant PRINCESS and explained that she was told multiple times prior to boarding the subject vessel that she was assigned to a wheelchair assessable stateroom.  The Plaintiff requested she be moved to a wheelchair assessable stateroom.

20.    Instead of reassigning the Plaintiff to a wheelchair assessable stateroom, the Defendant PRINCESS advised the Plaintiff that it would provide safety measures to make her currently assigned stateroom assessable.   In addition to the previously provided shower bench, Defendant PRINCESS provided the Plaintiff with a handheld shower nozzle.  Contrary to the representations previously provided to the Plaintiff, Defendant PRINCESS advised that it does not provide grab bars, ramps or any other safety measures to make her stateroom assessable.

21.    On or about December 15, 2023, the Plaintiff was fell and lost her balance while attempting to enter the restroom in her standard balcony stateroom.

22.    As a result of the negligence of Defendant PRINCESS and its actions and failures, the Plaintiff fell suffering a fractured hip and requiring an emergency medical disembarkation when the vessel *Crown Princess* called in Puerto Vallarta.

## COUNT I - NEGLIGENCE

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 22, and alleges as follows:

23.    At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment owed the Plaintiff a duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

24.    Alternatively, at all material times, Defendant PRINCESS and/or its employees engaged in certain affirmative undertakings, as hereafter alleged, and in

doing so acquired a duty to exercise reasonable care in those undertakings.

25. On or about December 15, 2023, the PRINCESS and/or its agents, servants, and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances;

b. Knowingly placing Plaintiff in a standard balcony stateroom in light of her mobility issues;

c. Failure to provide a wheelchair assessable stateroom;

d. Failure to provide Plaintiff with adequate assistance so she would be able to maneuver in and around her stateroom, including in the restroom, in a reasonably safe manner;

e. Failure to provide Plaintiff with adequate accommodations and safety measures so she would be able to maneuver in and around her stateroom, including in the restroom, in a reasonably safe manner;

f. Failure to accommodate the Plaintiff's special needs;

g. Failure to make reasonable accommodations to Plaintiff's assigned stateroom in light of her mobility issues;

h. Failure to provide Plaintiff with adequate handrails/grab bars;

i. Failure to provide Plaintiff with a ramp to enter the restroom;

j. Failure to warn of the dangers of moving about the standard suite unassisted with adequate accommodations in light of her mobility issues;

k. Failure to determine, eliminate, modify and/or correct the dangerous and/or hazardous conditions posed to the Plaintiff in light of her mobility issues;

l. Failure to promulgate and/or enforce adequate policies and procedures

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

to regarding the provision of adequate accommodations, safety measures and/or assistance;

m.    Failure to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or

n.    Failure to properly, adequately and safely implement the International Safety Management Code, and by extension, its own Safety Management System and Safety Management Manual.

26.    The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured.

27.    At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

28.    Defendant PRINCESS knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29.    As a result of the negligence of Defendant PRINCESS, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff CORINNE KOPATZ demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

7

**COUNT II – NEGLIGENT MISREPRESENTATION**

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 22, and alleges as follows:

30.     At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment owed the Plaintiff a duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

31.     Alternatively, at all material times, Defendant PRINCESS and/or its employees engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

32.     Prior to the subject cruise the Plaintiff spoke with Defendant PRINCESS on multiple occasions at which time Defendant PRINCESS represented that the Plaintiff would be assigned to a wheelchair assessable stateroom.  Defendant PRINCESS further represented that in the event that the Plaintiff was not assigned to a wheelchair assessable stateroom, that the necessary accommodations and safety measures (handrails/grab bars, shower bench, handheld shower nozzle) would be provided to make her assigned stateroom assessable.

33.     At all times material, Defendant PRINCESS misrepresented:

a.     Plaintiff would be assigned to a wheelchair assessable stateroom, when in actuality she was not provided such a stateroom;

b.     In the event Plaintiff was not assigned a wheelchair accessible stateroom, necessary accommodations and safety measures (handrails/grab bars, shower bench, handheld shower nozzle) would be provided to make her assigned stateroom assessable, when in actuality such measures are not provided; and/or

c.     Representing and/or implying that the stateroom that Plaintiff would be

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

assigned to would be reasonably safe in light of her mobility issues.

34. At all times material, the foregoing statements Defendant PRINCESS made and/or disseminated were known, or through the exercise of reasonable care or investigation could or might have been ascertained to be false and/or misleading.

35. At all times material, the statements were so made or disseminated with the intent or purpose, either directly or indirectly, of inducing the Plaintiff to rely on the statements and act by purchasing and participating in her cruise aboard the vessel *Crown Princess.*

36. At all times material, the Plaintiff justifiably relied on the representations made by PRINCESS when the Plaintiff purchased and participated in her cruise aboard the vessel *Crown Princess.* Plaintiff's reliance on Defendant PRINCESS' representations was justified as Defendant PRINCESS is in the business of providing cruises and is in a stronger position to know what accommodations and safety measures are available to passengers with mobility issues. Had Defendant PRINCESS not made the foregoing representations, the Plaintiff would have made a different decision in booking and participating in the subject cruise.

37. As a result of the negligence of Defendant PRINCESS, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff CORINNE KOPATZ demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, & WINKLEMAN P.A.
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## **Prayer for Relief**

WHEREFORE, the Plaintiff CORINNE KOPATZ respectfully request the Court enter judgment in his favor and against the Defendant PRINCESS as follow:

1.      To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2.      To award compensatory damages in the amount to be ascertained at trial;

3.      To award compensatory damages in the amount to be ascertained at trial;

4.      To award costs of suit, as permitted by law;

5.      For prejudgment interest according to proof; and

6.      To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED:   October 31, 2024.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff CORINNE KOPATZ hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED:   October 31, 2024.

Plaintiff's Complaint and Demand for Jury Trial

**LIPCON, MARGULIES, & WINKLEMAN P.A.**
2800 Ponce de Leon Blvd., Ste. 1480
CORAL GABLES, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

BY: *s/ Carol L. Finklehoffe*

CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial